# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

**Anthony Boyd, AIS #Z-578,**
Plaintiff–Appellant, Pro Se,

v.

**Governor Kay Ivey, in her official capacity,**
**Attorney General Steve Marshall, in his official capacity,**
Defendants–Appellees.

Appeal No. 25-13573-B

(Anthony Boyd v. Governor of Alabama)

---

## MOTION TO SUPPLEMENT THE RECORD ON APPEAL AND TO TAKE JUDICIAL NOTICE OF NEWLY DISCOVERED FACTS

---

### INTRODUCTION

Pursuant to **Federal Rule of Appellate Procedure 10(e)** and **Federal Rule of Evidence 201(b)**, Appellant Anthony Boyd respectfully moves this Court to supplement the record with newly discovered official evidence demonstrating that he was **never served notice of the August 20, 2025 dismissal** of his Rule 32 post-conviction petition in the Circuit Court of Talladega County.

On **October 15, 2025**, the **Talladega County Circuit Clerk** entered into the record an image of the envelope that had purportedly contained the notice of dismissal. That envelope bears official U.S. Postal markings stating **"RETURN TO SENDER – NOT DELIVERABLE AS ADDRESSED"** and was returned unopened.

This acknowledgment by the Clerk's Office confirms that Boyd never received notice of the judgment and therefore could not timely seek reconsideration or appeal in state court. He has since initiated efforts to reopen that proceeding under Alabama Rule of Civil Procedure 60(b)(6),

citing *Ex parte Johnson*, 806 So. 2d 1195 (Ala. 2001), and *Ex parte Fountain*, 842 So. 2d 719 (Ala. 2001), both recognizing relief where a Rule 32 petitioner lacked notice of dismissal.

These developments are material to this appeal because they:

1. Demonstrate Appellant's **diligence** in pursuing state remedies;

2. Undermine Appellees' claim that Boyd's § 1983 suit was untimely or unexhausted; and

3. Confirm an **independent procedural due process violation** relevant to his Fourteenth Amendment claim.

---

## I. THE COURT SHOULD SUPPLEMENT THE RECORD UNDER RULE 10(e)

Rule 10(e)(2)(C) authorizes supplementation where "anything material to either party is omitted from the record by error or accident." This rule permits inclusion of material that, while not before the district court at the time of dismissal, relates directly to the subject matter on appeal or clarifies the procedural posture.

Federal courts routinely allow supplementation when new official records demonstrate ongoing state procedural irregularities or new factual context essential to equitable review in § 1983 capital cases. See, e.g., *Smith v. Comm'r, Ala. Dep't of Corr.*, 703 F.3d 1266, 1270 n.2 (11th Cir. 2012) (granting supplementation where new state-court filings were material to exhaustion and timeliness); *Nance v. Comm'r, Ga. Dep't of Corr.*, 59 F.4th 1149, 1163 n.11 (11th Cir. 2023) (taking notice of post-judgment developments relevant to ongoing capital litigation).

The Talladega Clerk's October 15 filing is precisely that kind of material. It is an official state-court document directly affecting Boyd's procedural status and the claims at issue in this appeal.

---

## II. THE COURT SHOULD ALSO TAKE JUDICIAL NOTICE UNDER RULE 201(b)

Under Fed. R. Evid. 201(b), a court may take judicial notice of facts that are "not subject to reasonable dispute" because they are "capable of accurate and ready determination by sources whose accuracy cannot reasonably be questioned."

The Clerk's docket entry and image of the returned envelope meet that standard. They are part of the public record of the Circuit Court of Talladega County, Alabama (Case No.

CC-1993-00123.60), and are verifiable from the court's file. See *Universal Express, Inc. v. U.S. SEC*, 177 F. App'x 52, 53 (11th Cir. 2006) (taking judicial notice of state-court records).

Boyd respectfully requests that the Court take notice of:

1. The **October 15, 2025 docket entry** and attached exhibit showing the returned envelope marked "Return to Sender";

2. The **absence of any new notice or re-entry of judgment** by the state court; and

3. Boyd's **pending effort to reopen** the Rule 32 proceeding via a Rule 60(b)(6) motion based on that lack of notice.

---

### III. THE LACK OF NOTICE CONSTITUTES A SEPARATE DUE PROCESS VIOLATION

The Fourteenth Amendment guarantees both **notice and opportunity to be heard** before a person's liberty or life is affected by judicial action. See *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Alabama courts themselves have held that where a Rule 32 petitioner never received notice of dismissal, due process is violated and relief must be granted. See:

- *Ex parte Fountain*, 842 So. 2d 719, 721 (Ala. 2001) ("Where a Rule 32 petitioner was not notified of the trial court's order of dismissal, the failure of notice constitutes a due process violation.");

- *Ex parte Johnson*, 806 So. 2d 1195, 1196 (Ala. 2001) (same; mandamus appropriate to restore right to appeal).

The Eleventh Circuit likewise recognizes that lack of notice tolls filing deadlines and constitutes "cause" for procedural default. See *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002) (tolling habeas deadline where petitioner did not receive notice of state judgment); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

Here, Alabama has **acknowledged** via the Clerk's exhibit that Boyd never received notice. Yet, despite that admission, the state court has **not re-entered judgment** or restored his right to appeal. This continued denial of process both supports the federal due process claim already on appeal and negates any suggestion of dilatory conduct.

---

## IV. THIS EVIDENCE REINFORCES THE EQUITABLE BASIS FOR FEDERAL REVIEW

Appellees' motion to dismiss in the district court rested on the claim that Boyd's action was untimely and failed to exhaust state remedies. The October 15 filing shows the opposite.

Boyd's efforts to reopen his Rule 32 case establish diligence and ongoing pursuit of every available avenue—consistent with the principle that federal review is available where a state's own procedures have failed. See *Panetti v. Quarterman*, 551 U.S. 930, 946 (2007) ("Federal courts must not close their doors to a prisoner whose opportunity for full and fair state process has been frustrated by the State itself.").

The record now shows that Alabama's own system deprived Boyd of notice and appellate review. Under *Panetti* and *Ford v. Wainwright*, 477 U.S. 399 (1986), this Court's equitable power must remain open to correct such violations, particularly in capital cases.

## V. REQUESTED RELIEF

Appellant respectfully requests that this Court:

1. **Supplement the record** with the Talladega Clerk's October 15, 2025 filing (returned-envelope exhibit) and any subsequent filings related to Boyd's motion to reopen the Rule 32 proceeding;

2. **Take judicial notice** of these official state-court records under Fed. R. Evid. 201(b); and

3. Consider these facts as further evidence of ongoing due process violations and Appellant's diligence in exhausting available remedies.

## CONCLUSION

The State's own records now confirm what Boyd has consistently maintained: he was denied basic notice of a judgment that extinguished his rights. That fact bears directly on the procedural integrity of this case and the constitutional claims before this Court. Supplementation is necessary to ensure the record is complete and accurate, and that review proceeds on a truthful account of the events.

Respectfully submitted,

*Anthony Boyd*

/s/ **Anthony Boyd (Pro Se)**
AIS #Z-578
Holman Correctional Facility
866 Ross Road
Atmore, Alabama 36502
Dated: October 17, 2025.

This envelope is for use with the following services:

UPS Next Day Air
UPS Worldwide
UPS 2nd Day Air

Do not use this envelope for:

UPS Ground
UPS Standard
UPS 3 Day Select
UPS Worldwide



```
HOLMAN UNIT L-49                              0.4 LBS LTR
(256) 499-1399                                SHP WT: LTR
THE UPS STORE #3330                           DATE: 17 OCT 2025
1414 GOLDEN SPRINGS RD
ANNISTON  AL 36207-6924

SHIP  FOR THE ELEVENTH CIRCUIT
TO:   U.S. COURT OF APPEALS
      56 FORSYTH ST NW

      ATLANTA  GA 30303-2218

            GA 303 9-02


UPS NEXT DAY AIR                              1
TRACKING #: 1Z 365 R2E 01 7387 2545

BILLING: P/P

                              U.S. COURT OF APPEALS
                                   RECEIVED
                                    CLERK
                                  OCT 20 2025
                                 ATLANTA, GA

REF #1: DS

MMWCY55GUPQ63 ISH 13.00C ZZR 460 39.5U 09/2025
```

SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes. If exported from the US, shipper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.

KR0725

Serving you for more than 110 years
United Parcel Service.®

For information about UPS's privacy practices or to opt out, please see the UPS Privacy Notice

0101951033  04/21   PAC

Documents on this side.

s may only contain
ic media, and must weigh
s other than those listed

cuments of no commercial
s documents. Visit
classified as a document.

pe must weigh 8 oz. or less.
ill be billed by weight.

d for shipments of
nation or breakable items.

ocuments printed
ain paper. Insert
w from the top.

may be subject to the rules relating to liability and other terms and/or conditions established
es Relating to International Carriage by Air (the "Warsaw Convention") and/or the Convention on
by Road (the "CMR Convention"). These commodities, technology or software were exported
tration Regulations. Diversion contrary to U.S. law prohibited.